UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES GEORGE

VERSUS

HOBBY LOBBY STORES, INC.

CIVIL ACTION

NO. 24-2528

SECTION M (4)

## ORDER & REASONS

Before the Court is a motion by plaintiff Charles George, by and through his limited curatrix, Karen Meyer ("George"), for a permanent injunction.[1] George, who prevailed at trial on his disparate treatment claim brought under the Louisiana Human Rights Act ("LHRA") against defendant Hobby Lobby Stores, Inc. ("Hobby Lobby"),[2] seeks a permanent injunction requiring Hobby Lobby to: (1) allow George to return to the store; (2) remove the "be on the lookout" ("BOLO") bulletin depicting George, which was placed in the break room of the Harahan location; (3) establish company-wide written policies and training on public accommodations for disabilities (*i.e.,* Title III of the American with Disabilities Act and/or the LHRA); (4) provide 20 hours of disability discrimination training for executives company-wide, 10 hours of such training for all managers and supervisors with customer-facing duties company-wide, some amount of such training for all employees company-wide, and 20 hours of such training for Harahan store manager Heather Ford; (5) place posters in all employee-only areas of its stores company-wide generally explaining the store's legal obligations toward customers with disabilities; and (6) submit quarterly status reports to the Court detailing compliance with the injunction.[3]

---

[1] R. Doc. 131.  *See* R. Doc. 142 for a recitation of the facts of the case.
[2] *See* R. Doc. 126.
[3] R. Doc. 131-1 at 1-5.

Hobby Lobby responds in opposition, arguing that most of the injunctive relief George seeks is punitive and overly broad, instead of being specifically tailored to remedy the harm he suffered.[4]  Hobby Lobby, subject to its intention to appeal the verdict, concedes that some remedial injunctive relief is available under the applicable law.[5]  Hobby Lobby suggests, though, that any injunction that may be imposed be limited to: (1) George being allowed to return to the Harahan store on condition that he is supervised by his limited curatrix, or someone appointed by her, and with advance telephonic notice to the Harahan store managers at least one hour before his arrival, and (2) one hour of ADA Title III training for the managers at the Harahan store.[6]

In reply, George argues that requiring him to have supervision when visiting the store itself amounts to disparate treatment.[7]  He also argues that requiring company-wide training for more than one hour is remedial, not punitive, because Hobby Lobby should be doing that anyway, and Hobby Lobby's executives do not understand their obligations toward disabled persons, especially considering that managers are moved from store to store.[8]  At a minimum, argues George, all of the stores in south Louisiana should receive the training because he may visit any one of them.[9] George further contends that the posters at the stores are inadequate and that Hobby Lobby did not address the BOLO bulletin specific to him.[10]

Having considered the parties' arguments, the record, and the applicable law, the Court generally agrees with Hobby Lobby that George's requested injunctive relief is punitive and unduly burdensome, particularly George's requests for company-wide policies and quarterly

---

[4] R. Doc. 143 at 1-9.
[5] *Id.*
[6] *Id.* at 8.
[7] R. Doc. 114 at 1-2.
[8] *Id.* at 2-4, 6-9.  George also mentions that Ford is no longer employed at Hobby Lobby and so concedes that any training specific to her is moot.  *Id.* at 7.
[9] *Id.* at 5-6.
[10] *Id.* at 6.

reporting.[11]  However, the Court recognizes that some injunctive relief tailored to remedy the harm George suffered because of Hobby Lobby's disparate treatment of him is warranted.  Accordingly, for the foregoing reasons,

IT IS ORDERED that a permanent injunction is imposed on Hobby Lobby requiring: (1) that George be allowed to return to the store, without any conditions;[12] (2) that Hobby Lobby remove the BOLO bulletin concerning George placed in the break room of the Harahan store; and (3) that all customer-facing managers of the Harahan store undergo one hour of disability-related disparate treatment training within six months of the date of this order, with Hobby Lobby advising the Court via a one-time status report once the training is completed.[13]

New Orleans, Louisiana, this 11th day of June, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[11] After all, the jury rejected George's claim that Hobby Lobby failed to provide a reasonable accommodation for his disability on the date in question.  To be sure, it was undisputed at trial that Hobby Lobby personnel at the Harahan store had accommodated George with respect to his disability for the nearly ten years preceding November 27, 2023, the date of the incident.  His legal theory and evidence at trial largely pointed the finger at Ford as the culprit for Hobby Lobby's actionable conduct.  And she is no longer with the company, rendering training for her moot and training for other Hobby Lobby employees only marginally relevant.

[12] Of course, this order does not give George *carte blanche* to be disorderly.  Instead, Hobby Lobby has the right to expect that he will conform to the behavior it expects of all its customers.

[13] The Court declines to require all stores in the south Louisiana region, much less company-wide, to undergo the training because there was no evidence that George has visited those locations or that he was harmed there.