UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES GEORGE | CIVIL ACTION |
| VERSUS | NO. 24-2528 |
| HOBBY LOBBY STORES, INC. | SECTION M (4) |

**ORDER & REASONS**

Before the Court is the motion of plaintiff Charles George for reconsideration of this Court's July 29, 2026 Order & Reasons awarding him $128,375 in attorney's fees.[1] George argues that this Court erred in its determination of the lodestar and its application of the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), for awarding attorney's fees when it reduced his requested attorney's fees from $371,600 to $128,375.[2] Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") responds in opposition, explaining in a clear and cogent fashion that George's motion for reconsideration merely rehashes the arguments this Court previously considered and rejected in its 14-page Order & Reasons fixing the attorney's fees award.[3] In reply, George reiterates how he thinks the Court erred and where he believes Hobby Lobby failed to respond to his arguments.[4]

Largely for the reasons fully articulated by Hobby Lobby in its opposition, the Court finds no reason to alter its prior order fixing George's attorney's fees at $128,375. George's arguments were previously considered in full and mostly (but not entirely) rejected by the Court. George's counsel is simply dissatisfied with the Court's ruling and fails to recognize that the relief he

[1] R. Doc. 169 (citing R. Doc. 168).
[2] *Id.*
[3] R. Doc. 170.
[4] R. Doc. 171.

obtained on behalf of his client, both monetary[5] and injunctive,[6] was modest in comparison to what he requested,[7] much of the work done on this case pertained to his failure-to-accommodate claim that the jury rejected, and the hourly rate is more than sufficient for an attorney who had never before tried a case[8] and over-litigated many motions,[9] including Hobby Lobby's motion for extension of time to file a dispositive motion.[10]

---

[5] Having prevailed on only one of three claims he brought to trial (*i.e.,* his less-favorable-treatment claim, but not his failure-to-accommodate claim or his negligence claim), George was awarded only $10,000 in total damages even though he asked the jury for $447,477.50. But, nevertheless, the Court did not use this comparison to make a *proportionate* reduction of the fees requested, which is frowned upon by the Fifth Circuit.

[6] Under the Court's injunction, Hobby Lobby was ordered to (1) allow George to return to the Harahan store from which he was banned, (2) remove the "be on the lookout" bulletin in the break room of that store, and (3) provide one hour of disability-related disparate treatment training to the store's customer-facing managers, but George had requested that the injunction provide the following additional, far-flung, expensive relief: (a) promulgation of company-wide written policies and training on public accommodations for disabilities; (b) company-wide training on disability discrimination for all of Hobby Lobby's executives, managers, supervisors, and other employees ranging between 10 and 20 hours; and (c) the placement of posters in all employee-only areas of Hobby Lobby stores company-wide generally explaining the store's legal obligations toward customers with disabilities. Thus, the relief afforded by the injunction was but a fraction of what George requested. Nonetheless, as with the monetary relief awarded, the Court did not use this fact to make a *proportionate* reduction of the requested fees.

[7] The Court stands by its reliance on the "degree-of-success" analysis it applied under the authority of *Combs v. City of Huntington,* 829 F.3d 388, 395 (5th Cir. 2016), to implement a 50% downward adjustment in the requested hours. George's reliance on *Fessler v. Porcelana Corona de Mex., S.A. de C.V.,* 23 F.4th 408, 416-17 (5th Cir. 2022), to question the Court's analysis is curious since (1) that case involved approval of a fee in a *class action*, as opposed to a routine and straightforward disability discrimination case, as here; (2) the *Fessler* court reversed the award of fees (rather than increasing them, as George asks here); and (3) it did so because the district court's findings in *Fessler* in regard to the successful versus unsuccessful claims were limited to two statements, whereas here the Court explained over the course of three pages its findings concerning George's limited degree of success. R. Doc. 168 at 11-13. While the Fifth Circuit has repeatedly said that "degree of success" is the "most critical" of the *Johnson* factors, this Court considered them all (again, contrary to George's claim), concluding that none of the other factors justified either upward or further downward adjustment. *Id.* at 13. It is not essential that the Court discuss the factors *seriatim* for them to have been deemed considered.

[8] Contrary to George's claim, the Court expressly took inflation into account in setting the hourly rate at $325, even though the 2025 cases outlined in its Order & Reasons could have supported a lower rate, somewhere between $250-300, for an attorney with just six years of experience, including no trial experience. *Id.* at 7-8. George seeks to downplay this lack of experience, but here it made the trial longer and messier due to counsel's inartful examination of witnesses and his otherwise avoidable confrontations with the Court and opposing counsel – which hardly warrant a premium and could have justified a further reduction.

[9] A review of the time sheets submitted by George's counsel (R. Doc. 152-4) reveals that he spent over 20 hours reviewing a few hours of bodycam and store surveillance footage, over 60 hours preparing an opposition to Hobby Lobby's motion to dismiss, over 110 hours preparing an opposition to Hobby Lobby's motion for summary judgment, and nearly 40 hours preparing an opposition to Hobby Lobby's motion to extend the dispositive motion deadline. The Court finds that the time George's counsel logged for these tasks was excessive.

[10] George seems to believe that his opposition to the motion reduced by half Hobby Lobby's requested extension. This is wrong. The Court granted a two-week extension instead of the requested four weeks due to its own calendar constraints. A longer extension would have pushed the submission date of the motion too close to the trial date. In this respect, then, George spent too many hours on a motion that should have been consented to as a matter of professional courtesy.

Accordingly, for the foregoing reasons and those stated in the Court's Order & Reasons awarding fees (R. Doc. 168),

IT IS ORDERED that George's motion for reconsideration (R. Doc. 169) is DENIED.

New Orleans, Louisiana, this 20th day of August, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE